1

2

3

4

**F I L E D**
CLERK, U.S. DISTRICT COURT

8/29/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TV _____ DEPUTY

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                    March 2023 Grand Jury

11 | UNITED STATES OF AMERICA,        | CR No. 2:23-cr-00427-GW

12 |          Plaintiff,              | I N D I C T M E N T

13 |          v.                      | [18 U.S.C. § 371: Conspiracy;
                                        18 U.S.C. § 922(a)(1)(A): Engaging
14 | JACOB WOLFGANG GONZALEZ,         | in the Business of Dealing in
   | KRISTOPHER CHASE MALILAY,        | Firearms Without a License;
15 | JOSHUA NATHAN BEDARD,            | 21 U.S.C. §§ 841(a)(1),
   |   and                            | (b)(1)(A)(viii): Distribution of
16 | ERNESTO ROBERTO YBARRA,          | Methamphetamine; 18 U.S.C.
                                        § 922(o)(1): Possession of a
17 |          Defendants.            | Machinegun; 18 U.S.C. § 933(a)(1):
                                        Trafficking in Firearms; 26 U.S.C.
18                                      § 5861(d): Possession of an
                                        Unregistered Firearm; 18 U.S.C.
19                                      § 922(k): Possession of Firearm
                                        with Removed and Obliterated
20                                      Serial Number; 18 U.S.C.
                                        §§ 922(g)(1), (9): Prohibited
21                                      Person in Possession of Firearms
                                        and Ammunition; 18 U.S.C.
22                                      § 924(d), 18 U.S.C. § 934, 26
                                        U.S.C. § 5872, 28 U.S.C.
23                                      § 2461(c): Criminal Forfeiture]

24

25

26        The Grand Jury charges:

27

28

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATION

At times relevant to this Indictment, defendants JACOB WOLFGANG GONZALEZ, KRISTOPHER CHASE MALILAY, JOSHUA NATHAN BEDARD, and ERNESTO ROBERTO YBARRA did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms.

B.   OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about October 25, 2022, and continuing until at least on or about August 15, 2023, in Santa Barbara County, within the Central District of California, and elsewhere, defendants GONZALEZ, MALILAY, BEDARD, and YBARRA conspired with each other and with others known and unknown to the Grand Jury to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C.   MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendant GONZALEZ would offer to sell firearms to customers and would coordinate the date, time, and location of the firearms sales.

2.   Defendants BEDARD, MALILAY, and YBARRA would supply firearms to defendant GONZALEZ to sell to customers.

3.   Defendant BEDARD would transport firearms from the State of Arizona to defendant GONZALEZ to sell to customers in the State of California.

4.   Defendants MALILAY and YBARRA would manufacture firearms for defendant GONZALEZ to sell to customers.

5.   Defendants GONZALEZ and MALILAY would sell firearms to customers.

D.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants GONZALEZ, MALILAY, BEDARD, and YBARRA, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

**October 27, 2022: Sale of a Machinegun and High-Capacity Magazine**

Overt Act No. 1:   On October 25, 2022, defendant GONZALEZ told a person who he believed to be a firearms customer, but who was actually a confidential informant working for ATF (the "CI"), that he had a firearm for sale.

Overt Act No. 2:   On October 27, 2022, defendant GONZALEZ arranged to meet the CI near defendant YBARRA's residence in Guadalupe, California, to sell the firearm to the CI.

Overt Act No. 3:   On October 27, 2022, defendant GONZALEZ traveled to defendant YBARRA's residence in Guadalupe, California, and retrieved a black plastic bag containing an AR-style, 5.56 NATO caliber machinegun from the residence to sell to the CI.

Overt Act No. 4:   On October 27, 2022, defendant GONZALEZ sold the AR-style, 5.56 NATO caliber machinegun, bearing no serial number

or manufacturer markings (commonly referred to as a "ghost gun"), and a 100-round high-capacity drum magazine to the CI for $1,700.

**November 22, 2022: Sale of Three Firearms**

Overt Act No. 5:   On November 11, 2022, via social media messages, defendant BEDARD offered to sell an AR-style pistol to defendant GONZALEZ.

Overt Act No. 6:   On November 14, 2022, via social media messages, defendant GONZALEZ asked defendant BEDARD to lower the price of the AR-style pistol so that it would be easier for defendant GONZALEZ to resell.

Overt Act No. 7:   On November 14, 2022, via social media messages, defendant BEDARD told defendant GONZALEZ that defendant BEDARD would bring the AR-style pistol with him to California the following weekend, despite knowing that it would be "hella illegal" for defendant BEDARD to transport the AR-style pistol from Arizona to California.

Overt Act No. 8:   On November 18, 2022, via social media messages, defendant GONZALEZ offered to purchase the AR-style pistol and a shotgun from defendant BEDARD for $1800.

Overt Act No. 9:   On November 18, 2022, defendant GONZALEZ sent photographs depicting four firearms, including a shotgun and an AR-style pistol, to the CI via text messages, and offered to sell the four firearms to the CI for $5,450.

Overt Act No. 10:   On November 19, 2022, defendant BEDARD informed defendant GONZALEZ via text message that defendant BEDARD was leaving Phoenix, Arizona, with three rounds of ammunition for the shotgun and a loaded magazine for the AR-style pistol.

<u>Overt Act No. 11:</u>   On November 21, 2022, defendants GONZALEZ and BEDARD arranged to meet at defendant GONZALEZ's residence in Santa Maria, California.

<u>Overt Act No. 12:</u>   On November 22, 2022, defendant GONZALEZ told the CI via text messages that he had three firearms for sale and arranged to meet the CI at defendant GONZALEZ's residence.

<u>Overt Act No. 13:</u>   On November 22, 2022, defendant YBARRA delivered a Polymer80 pistol to defendant GONZALEZ so that defendant GONZALEZ could sell the firearm to a customer.

<u>Overt Act No. 14:</u>   On November 22, 2022, defendant GONZALEZ met with the CI and an undercover ATF agent posing as a firearms customer (the "UC") inside defendant GONZALEZ's residence, and sold the following firearms to the UC for $3800: an Anderson Manufacturing, model AM-15, 7.26x39mm caliber AR-style pistol, bearing serial number 20091863; a Polymer80, model PF940C, 9mm caliber ghost gun pistol; and a Hawk Industries, Inc., model H&R Pardner Pump, 12-gauge shotgun, bearing serial number HW501673.

**December 12, 2022: Sale of a Stolen Firearm, Magazine, and Ammunition**

<u>Overt Act No. 15:</u>   On December 9, 2022, via text messages, defendant GONZALEZ sent a photograph depicting an AR-style rifle to the CI and offered to sell the rifle to the CI for $1,500.

<u>Overt Act No. 16:</u>   On December 12, 2022, defendant GONZALEZ sold a Stag Arms, model Stag-15, multi-caliber rifle, bearing serial number S023003, nine rounds of .223 caliber ammunition, and a rifle magazine to the CI for $1,500.

**December 16, 2022: Sale of a Firearm**

Overt Act No. 17:   On December 12 and 13, 2022, via text messages, defendant GONZALEZ offered to sell additional firearms to the CI.

Overt Act No. 18:   On December 15, 2022, defendant GONZALEZ told the CI via text message that he had a Polymer80 pistol for sale, and arranged to meet the CI the following day to conduct a firearms transaction.

Overt Act No. 19:   On December 16, 2022, defendant GONZALEZ met the CI and the UC inside defendant GONZALEZ's residence, and sold a privately manufactured AR-style, .223 caliber ghost gun pistol to the UC for $1,800.

**January 9, 2023: Sale of a Firearm**

Overt Act No. 20:   Between December 19, 2022, and December 29, 2022, via social media messages, defendant BEDARD offered to sell various firearms, including a black Ruger, model PC Charger pistol, to defendant GONZALEZ.

Overt Act No. 21:   On December 24, 2022, defendant GONZALEZ sent several photographs depicting firearms to the CI via text message, including images of a black Ruger, model PC Charger pistol.

Overt Act No. 22:   On December 24, 2022, defendant BEDARD posted a photograph depicting a black Ruger, model PC Charger pistol and a white and red Ruger carboard box to his social media account, with the text, "15 takes it."

Overt Act No. 23:   On January 6, 2023, via text messages and phone calls, defendant GONZALEZ agreed to sell to the CI an AR-style pistol for $1,600 and a Glock-style pistol for $1,000.

1        <u>Overt Act No. 24:</u>   On January 9, 2023, defendant GONZALEZ

2    arranged to meet the CI outside an apartment complex in Santa Maria,

3    California, to conduct the firearms transaction.

4        <u>Overt Act No. 25:</u>   On January 9, 2023, after the CI arrived at

5    the apartment complex, defendant BEDARD got out of a white Audi

6    sedan, carrying a white and red cardboard box, and got into defendant

7    GONZALEZ's BMW sedan.

8        <u>Overt Act No. 26:</u>   On January 9, 2023, defendant GONZALEZ got

9    out of the BMW sedan carrying a white and red cardboard box, got into

10   the CI's car, and sold a Ruger, model PC Charger, 9mm caliber pistol,

11   bearing serial number 913-41316, to the CI for $1,600.

12   **January 9, 2023: Sale of a Firearm**

13       <u>Overt Act No. 27:</u>   On January 9, 2023, defendant GONZALEZ asked

14   the CI to follow him to a different address in Santa Maria,

15   California, to conduct the next firearms transaction.

16       <u>Overt Act No. 28:</u>   On January 9, 2023, when the CI arrived at

17   the new location in Santa Maria, defendant GONZALEZ got into the CI's

18   car and sold a Polymer80 PF9SS, 9mm caliber ghost gun pistol to the

19   CI for $1,000.

20   **January 24, 2023: Sale of Two Firearms**

21       <u>Overt Act No. 29:</u>   On January 24, 2024, in the presence of the

22   UC and the CI, defendant GONZALEZ called defendant YBARRA to discuss

23   the availability of firearms for sale.

24       <u>Overt Act No. 30:</u>   On January 24, 2023, via phone calls,

25   defendant GONZALEZ offered to sell the CI an AR-type rifle for $1,800

26   and a revolver for $850, and arranged to meet the CI at near

27   defendant YBARRA's residence in Guadalupe, California.

28

   Overt Act No. 31:   On January 24, 2023, defendant GONZALEZ entered defendant YBARRA's residence and came out carrying a black plastic bag containing an AR-style ghost gun rifle, a .357 magnum revolver, and two high-capacity magazines.

   Overt Act No. 32:   On January 24, 2023, when the CI and the UC arrived in the vicinity of defendant YBARRA's residence, defendant GONZALEZ sold a privately manufactured AR-style, .223 caliber ghost gun rifle, a Sturm, Ruger and Co., model GP100, .357 magnum caliber revolver, bearing serial number 171-83122, and two high-capacity magazines to the UC for $2,650.

**eBay Purchases of Firearms Parts**

   Overt Act No. 33:   Between June 3, 2021, and February 10, 2023, defendant YBARRA purchased assorted firearms parts and accessories via eBay, including lower parts kits for Glock pistols, slides, and barrels for Glock pistols.

**February 24, 2023: Sale of a Firearm**

   Overt Act No. 34:   On February 24, 2023, via text messages, defendant GONZALEZ sent photographs of a black 1911-style pistol and a black and silver AR-style pistol to the UC.

   Overt Act No. 35:   On February 24, 2023, defendant GONZALEZ called the UC and told the UC to meet him at 720 W. Dante Drive (the "Dante Drive Residence") in Santa Maria, California, to conduct their planned firearms transaction.

   Overt Act No. 36:   When the UC arrived at the Dante Drive Residence on February 24, 2023, defendant GONZALEZ left the residence carrying a duffle bag, got into the CI's car, and sold a privately manufactured, AR-style, .223 caliber ghost gun pistol, which was supplied by defendant MALILAY, to the UC for $1,800.

**March 2, 2023: Sale of Five Firearms**

Overt Act No. 37:   Between February 28, 2023, and March 2, 2023, defendant GONZALEZ sent multiple photographs depicting privately manufactured Glock-type pistols, AR-type rifles, and AR-type pistols to the UC via text messages.

Overt Act No. 38:   On March 2, 2023, after defendant GONZALEZ called defendant MALILAY, defendant GONZALEZ immediately called the UC to arrange to meet to conduct a firearms transaction.

Overt Act No. 39:   On March 2, 2023, immediately following that phone call to the UC, defendant GONZALEZ called defendant MALILAY again.

Overt Act No. 40:   On March 2, 2023, defendant GONZALEZ left the Dante Drive Residence carrying two duffle bags, got into the UC's car, and sold the following firearms and firearm magazines, which were supplied by defendant MALILAY, to the UC for $8,100: a privately manufactured AR-style, .223 caliber ghost gun rifle with a barrel length of approximately 7.75 inches; four privately manufactured, AR-style, .223 caliber ghost gun pistols; and six .223 caliber firearm magazines, including a 100-round drum magazine and three 30-round magazines.

**March 22, 2023: Sale of Four Firearms**

Overt Act No. 41:   Between March 2, 2023, and March 21, 2023, via text messages, defendant GONZALEZ offered to sell additional firearms to the UC.

Overt Act No. 42:   On March 21, 2023, defendant BEDARD posted a video to his social media account showing an individual holding a Ruger, model LCP, .380 caliber pistol with the text, "on the market it'll go fast" and "SANTA MARIA, CA."

1      <u>Overt Act No. 43:</u>  On March 22, 2023, defendant MALILAY left

2   the Dante Drive Residence carrying a blue duffle bag, which he placed

3   in a Toyota Camry sedan.

4      <u>Overt Act No. 44:</u>  On March 22, 2023, defendant MALILAY drove

5   the Toyota Camry sedan to a storage facility in Santa Maria, where he

6   met with defendant GONZALEZ, the CI, and the UC.

7      <u>Overt Act No. 45:</u>  On March 22, 2023, at the storage facility

8   in Santa Maria, defendant GONZALEZ retrieved the blue duffle bag from

9   defendant MALILAY's Toyota Camry sedan, got into the CI's car, and

10  sold the following firearms to the UC for $5,800: a privately

11  manufactured AR-style, .223 caliber ghost gun rifle with a barrel

12  length of 6.25 inches; a privately manufactured AR-style, .223

13  caliber ghost gun pistol; a Polymer80, model PF940C, 9mm caliber

14  ghost gun pistol; and a Ruger, model LCP, .380 ACP caliber pistol

15  with a removed and obliterated serial number.

16  **April 20, 2023: Sale of a Firearm**

17     <u>Overt Act No. 46:</u>  Between April 14, 2023, and April 19, 2023,

18  via text messages, defendant GONZALEZ offered to sell various

19  firearms to the UC.

20     <u>Overt Act No. 47:</u>  On April 20, 2023, defendants GONZALEZ and

21  MALILAY met with the CI and the UC inside defendant GONZALEZ's

22  residence in Santa Maria, California, to conduct a firearms

23  transaction.

24     <u>Overt Act No. 48:</u>  On April 20, 2023, defendant MALILAY sold a

25  Polymer80, model PF45, .45 caliber ghost gun pistol to the UC for

26  $1,200.

27

28

**April 20, 2023: Sale of a Firearm**

Overt Act No. 49:   On April 20, 2023, after defendant MALILAY left the area, defendant YBARRA traveled to defendant GONZALEZ's residence to deliver a firearm to defendant GONZALEZ.

Overt Act No. 50:   On April 20, 2023, defendant GONZALEZ met with defendant YBARRA to retrieve a firearm from defendant YBARRA before getting into the CI's car.

Overt Act No. 51:   On April 20, 2023, after getting into the CI's car, defendant GONZALEZ sold a Polymer80, model PF940C, .40 caliber ghost gun pistol, to the UC for $1,400.

**May 18, 2023: Sale of Six Firearms**

Overt Act No. 52:   Between April 28, 2023, and May 17, 2023, in text messages, defendant GONZALEZ offered to sell additional firearms to the UC.

Overt Act No. 53:   On May 18, 2023, defendants GONZALEZ and MALILAY met with the UC inside defendant GONZALEZ's residence to conduct a firearms transaction.

Overt Act No. 54:   On May 18, 2023, defendant MALILAY sold the following firearms and ammunition to the UC for $7,800: four privately manufactured, AR-style, .223 caliber ghost gun pistols; a privately manufactured, AR-style, 9mm caliber ghost gun pistol; and a Polymer80, model PF940C, 9mm caliber ghost gun pistol; and seven rounds of 9mm caliber ammunition.

**August 15, 2023: Possession of Machineguns, Firearms, Firearms Parts, and Ammunition**

Overt Act No. 55:   On August 15, 2023, in his residence in Lompoc, California, defendant MALILAY possessed a machinegun conversion device (also known as a "Glock switch," "trigger switch,"

"auto switch," or "auto sear"); a Polymer80, model PF940C, .40mm S&W caliber ghost gun pistol; two high-capacity magazines; assorted firearms parts and accessories; and approximately 300 rounds of ammunition.

Overt Act No. 56:   On August 15, 2023, in his residence in Guadalupe, California, defendant YBARRA possessed:  a machinegun conversion device, which was attached to a Glock, model 19, 9mm Luger caliber pistol, bearing serial number BUPD386; a Zastava, model N-PAP M70, 7.62x39mm caliber rifle, bearing serial number N-PAP035707; four Polymer80 ghost gun pistols; an AR-style,.223 caliber, ghost gun rifle; three high-capacity drum magazines; and approximately 3,035 rounds of assorted caliber ammunition.

Overt Act No. 57:   On August 15, 2023, in his residence in Guadalupe, California, defendant YBARRA possessed tools and parts used to privately manufacture firearms, including a Polymer80 jig, three firearm slides/barrels, seven AK-style extended magazines, eleven AR-style extended magazines, and a Dremel toolbox and tools.

COUNT TWO

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[ALL DEFENDANTS]

Beginning on an unknown date, but no later than October 25, 2022, and continuing to on or about August 15, 2023, in Santa Barbara County, within the Central District of California, and elsewhere, defendants JACOB WOLFGANG GONZALEZ, KRISTOPHER CHASE MALILAY, JOSHUA NATHAN BEDARD, and ERNESTO ROBERTO YBARRA, not being licensed importers, manufacturers, or dealers of firearms, each aiding and abetting the other and others known and unknown to the Grand Jury, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | DEFENDANT(S) | FIREARM(S) |
|---|---|---|
| October 27, 2022 | GONZALEZ, YBARRA | A privately manufactured AR-style, 5.56 NATO caliber machinegun, bearing no serial number (commonly referred to as a "ghost gun") |
| November 22, 2022 | GONZALEZ, YBARRA, BEDARD | (1) An Anderson Manufacturing, model AM-15, 7.26x39mm caliber pistol, bearing serial number 20091863<br><br>(2) A Polymer80, model PF940C, 9mm caliber ghost gun pistol<br><br>(3) A Hawk Industries, Inc., model H&R Pardner Pump, 12-gauge shotgun, bearing serial number HW501673 |
| December 12, 2022 | GONZALEZ | A Stag Arms, model Stag-15, multi-caliber rifle, bearing serial number S023003 |

13

| DATE | DEFENDANT(S) | FIREARM(S) |
|------|--------------|------------|
| December 16, 2022 | GONZALEZ | A privately manufactured AR-style, .223 caliber ghost gun pistol |
| January 9, 2023 | GONZALEZ, BEDARD | A Ruger, model PC Charger, 9mm caliber pistol, bearing serial number 913-41316 |
| January 9, 2023 | GONZALEZ | A Polymer80 PF9SS, 9mm caliber pistol, bearing no serial number (commonly referred to as a "ghost gun") |
| January 24, 2023 | GONZALEZ, YBARRA, BEDARD | (1) A privately manufactured AR-style, .223 caliber ghost gun rifle<br><br>(2) A Sturm, Ruger and Co., model GP100, .357 magnum caliber revolver, bearing serial number 171-83122 |
| February 24, 2023 | GONZALEZ, MALILAY | A privately manufactured, AR-style, .223 caliber ghost gun pistol |
| March 2, 2023 | GONZALEZ, MALILAY | (1) A privately manufactured AR-style, .223 caliber short-barreled ghost gun rifle<br><br>(2) Four privately manufactured, AR-style, .223 caliber ghost gun pistols |
| March 22, 2023 | GONZALEZ, MALILAY, BEDARD | (1) A privately manufactured AR-style, .223 caliber short-barreled ghost gun rifle<br><br>(2) A privately manufactured AR-style, .223 caliber ghost gun pistol<br><br>(3) A Polymer80, model PF940C, 9mm caliber ghost gun pistol<br><br>(4) A Ruger, model LCP, .380 ACP caliber pistol with a removed and obliterated serial number |

14

| DATE | DEFENDANT(S) | FIREARM(S) |
|------|--------------|------------|
| April 20, 2023 | GONZALEZ, MALILAY | A Polymer80, model PF45, .45 caliber ghost gun pistol |
| April 20, 2023 | GONZALEZ, YBARRA | A Polymer80, model PF940C, .40 caliber ghost gun pistol |
| May 18, 2023 | GONZALEZ, MALILAY | (1) Four privately manufactured, AR-style, .223 caliber ghost gun pistols<br><br>(2) A privately manufactured, AR-style, 9mm caliber ghost gun pistol<br><br>(3) A Polymer80, model PF940C, 9mm caliber ghost gun pistol |

COUNT THREE

[18 U.S.C. § 922(o)(1)]

[DEFENDANT GONZALEZ]

On or about October 27, 2022, in Santa Barbara County, within the Central District of California, defendant JACOB WOLFGANG GONZALEZ knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), which defendant GONZALEZ knew to be a machinegun, namely, a privately manufactured AR-style, 5.56 NATO caliber ghost gun machinegun.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT GONZALEZ]

On or about November 16, 2022, in Santa Barbara County, within the Central District of California, defendant JACOB WOLFGANG GONZALEZ knowingly and intentionally distributed at least fifty grams, that is, approximately 437 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT GONZALEZ]

On or about November 16, 2022, in Santa Barbara County, within the Central District of California, defendant JACOB WOLFGANG GONZALEZ knowingly and intentionally distributed at least fifty grams, that is, approximately 458 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[18 U.S.C. §§ 933(a)(1), (2)(a)]

[DEFENDANT BEDARD]

On or about November 21, 2022, in Santa Barbara County, within the Central District of California, defendant JOSHUA NATHAN BEDARD shipped, transported, transferred, and caused to be transported, and otherwise disposed of, a firearm, namely, an Anderson Manufacturing, model AM-15, 7.26x39mm caliber pistol, bearing serial number 20091863, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by the recipient would constitute a felony.

1

2

3

4

5

6

7

8

9

10

11

COUNT SEVEN

[18 U.S.C. §§ 933(a)(1), 2(a)]

[DEFENDANT GONZALEZ]

On or about December 12, 2022, in Santa Barbara County, within the Central District of California, defendant JACOB WOLFGANG GONZALEZ shipped, transported, transferred, caused to be transported, and otherwise disposed of, a firearm, namely, a Stag Arms, model Stag-15, multi-caliber rifle, bearing serial number S023003, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by the recipient would constitute a felony.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

COUNT EIGHT

2

[18 U.S.C. §§ 933(a)(1), 2(a)]

3

[DEFENDANT GONZALEZ]

4      On or about January 9, 2023, in Santa Barbara County, within the

5 Central District of California, defendant JACOB WOLFGANG GONZALEZ

6 shipped, transported, transferred, caused to be transported, and

7 otherwise disposed of, a firearm, namely, a Ruger, model PC Charger,

8 9mm caliber pistol, bearing serial number 913-41316, in and affecting

9 interstate commerce, knowing and having reasonable cause to believe

10 that the use, carrying, and possession of the firearm by the

11 recipient would constitute a felony.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT GONZALEZ]

On or about January 24, 2023, in Santa Barbara County, within the Central District of California, defendant JACOB WOLFGANG GONZALEZ knowingly and intentionally distributed at least fifty grams, that is, approximately 399 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT GONZALEZ]

On or about February 24, 2023, in Santa Barbara County, within the Central District of California, defendant JACOB WOLFGANG GONZALEZ knowingly and intentionally distributed at least fifty grams, that is, approximately 2,191 grams, of methamphetamine, a Schedule II controlled substance.

COUNT ELEVEN

[26 U.S.C. § 5861(d); 18 U.S.C. § 2(a)]

[DEFENDANTS GONZALEZ and MALILAY]

On or about March 2, 2023, in Santa Barbara County, within the Central District of California, defendants JACOB WOLFGANG GONZALEZ and KRISTOPHER CHASE MALILAY, each aiding and abetting the other, knowingly possessed an AR-style, .223 caliber, semi-automatic rifle, with unknown manufacturer, with a barrel less than 16 inches in length, namely, approximately 7.75 inches in length, bearing no serial number (commonly referred to as a "ghost gun"), which defendants GONZALEZ and MALILAY knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code Sections 5845(a)(3) and 5845(c), and which had not been registered to defendants GONZALEZ and MALILAY in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT TWELVE

[26 U.S.C. § 5861(d); 18 U.S.C. § 2(a)]

[DEFENDANTS GONZALEZ AND MALILAY]

On or about March 22, 2023, in Santa Barbara County, within the Central District of California, defendant JACOB WOLFGANG GONZALEZ and KRISTOPHER CHASE MALILAY, each aiding and abetting the other, knowingly possessed an AR-style, .223 caliber, semi-automatic rifle, with unknown manufacturer, with a barrel less than 16 inches in length, namely, approximately 6.25 inches in length, bearing no serial number (commonly referred to as a "ghost gun"), which defendants GONZALEZ and MALILAY knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code Sections 5845(a)(3) and 5845(c), and which had not been registered to defendants GONZALEZ and MALILAY in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THIRTEEN

[18 U.S.C. § 922(k)]

[DEFENDANT GONZALEZ]

On or about March 22, 2023, in Santa Barbara County, within the Central District of California, defendant JACOB WOLFGANG GONZALEZ knowingly possessed a firearm, namely, a Ruger, model LCP, .380 ACP caliber pistol with a removed and obliterated serial number, that had been shipped and transported in interstate or foreign commerce, and from which defendant GONZALEZ knew that the manufacturer's serial number had been removed, obliterated, and altered.

1                            COUNT FOURTEEN

2                      [18 U.S.C. § 922(o)(1)]

3                        [DEFENDANT MALILAY]

4        On or about August 15, 2023, in Santa Barbara County, within the

5   Central District of California, defendant KRISTOPHER CHASE MALILAY

6   knowingly possessed a machinegun, as defined in Title 18, United

7   States Code, Section 921(a)(23), and Title 26, United States Code,

8   Section 5845(b), which defendant MALILAY knew to be a machinegun,

9   namely, a machinegun conversion device (also known as a "Glock

10  switch," "trigger switch," "auto switch," or "auto sear") that was

11  designed and intended, solely and exclusively, for use in converting

12  a weapon into a machinegun, and which was attached to a Polymer80,

13  model PF940C, .40mm S&W caliber ghost gun pistol.

COUNT FIFTEEN

[18 U.S.C. § 922(o)(1)]

[DEFENDANT YBARRA]

On or about August 15, 2023, in Santa Barbara County, within the Central District of California, defendant ERNESTO ROBERTO YBARRA knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), which defendant YBARRA knew to be a machinegun, namely, a machinegun conversion device (also known as a "Glock switch," "trigger switch," "auto switch," or "auto sear") that was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun, and which was attached to a Glock, model 19, 9mm Luger caliber pistol, bearing serial number BUPD386.

COUNT SIXTEEN

[18 U.S.C. §§ 922(g)(1), (g)(9)]

[DEFENDANT YBARRA]

On or about August 15, 2023, in Santa Barbara County, within the Central District of California, defendant ERNESTO ROBERTO YBARRA knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

(1) a Glock, model 19, 9mm Luger caliber pistol, bearing serial number BUPD386;

(2) a Zastava, model N-PAP M70, 7.62x39mm caliber rifle, bearing serial number N-PAP035707;

(3) approximately 800 rounds of PMC 5.56x45mm caliber ammunition;

(4) approximately 480 rounds of Fiocchi .40 S&W caliber ammunition;

(5) approximately 300 rounds of PMC .40 S&W caliber ammunition;

(6) approximately 200 rounds of Tula Cartridge Works 7.62x39mm caliber ammunition;

(7) approximately 130 rounds of SVT Technology 9mm Luger caliber ammunition;

(8) approximately 121 rounds of Lake City .223 caliber ammunition; and

(9) approximately 102 rounds of CCI/Speer 9mm Luger caliber ammunition.

Defendant YBARRA possessed such firearms and ammunition knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Carrying a Concealed Firearm in Vehicle, in violation of California Penal Code

Section 12025(a)(1), in the Superior Court of the State of California, Kings County, Case No. 06CM7926HTA, on or about November 30, 2006.

Additionally, defendant YBARRA possessed such firearms and ammunition knowing that he had previously been convicted of a misdemeanor crime of domestic violence, namely, Infliction of Corporal Injury on a Spouse, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of San Bernardino, Case No. MVI040965, on or about August 5, 2004.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Two, Three, Six, Seven, Eight, and Thirteen through Sixteen of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                    FORFEITURE ALLEGATION TWO

2                    [18 U.S.C. §§ 934 and 924]

3       1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Sections 934(a)(1) and 924(d), in the event of

7  any defendant's conviction of the offenses set forth in Counts Six

8  through Eight of this Indictment.

9       2.   Any defendant so convicted shall forfeit to the United

10  States of America the following:

11          (a)  All right, title, and interest in any property

12  constituting, or derived from, any proceeds obtained, directly or

13  indirectly, as the result of any such violation;

14          (b)  All right, title, and interest in any property used,

15  or intended to be used, in any manner or part, to commit, or to

16  facilitate the commission of, any such violation;

17          (c)  All right, title, and interest in any firearm or

18  ammunition involved in or used in any such offense; and

19          (d)  To the extent such property is not available for

20  forfeiture, a sum of money equal to the total value of the property

21  described in subparagraph (a).

22      3.   Pursuant to Title 21, United States Code, Section 853(p),

23  as incorporated by Title 28, United States Code, Section 2461(c), any

24  defendant so convicted shall forfeit substitute property, up to the

25  value of the property described in the preceding paragraph if, as the

26  result of any act or omission of said defendant, the property

27  described in the preceding paragraph or any portion thereof (a)

28  cannot be located upon the exercise of due diligence; (b) has been

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

                        FORFEITURE ALLEGATION THREE

2

                  [26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

3      1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 26,

6   United States Code, Section 5872 and Title 28, United States Code,

7   Section 2461(c), in the event of the defendant's conviction of the

8   offense set forth in Counts Eleven and Twelve of this Indictment.

9      2.    The defendant, if so convicted, shall forfeit to the United

10  States of America the following:

11          (a)   All right, title, and interest in any firearm involved

12  in any such offense; and

13          (b)   To the extent such property is not available for

14  forfeiture, a sum of money equal to the total value of the property

15  described in subparagraph (a).

16     3.    Pursuant to Title 21, United States Code, Section 853(p),

17  as incorporated by Title 28, United States Code, Section 2461(c), the

18  defendant, if so convicted, shall forfeit substitute property, up to

19  the value of the property described in the preceding paragraph if, as

20  the result of any act or omission of the defendant, the property

21  described in the preceding paragraph or any portion thereof (a)

22  cannot be located upon the exercise of due diligence; (b) has been

23  transferred, sold to, or deposited with a third party; (c) has been

24  placed beyond the jurisdiction of the court; (d) has been

25  //

26  //

27

28

                                    34

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes
Section

DAVID C. LACHMAN
Assistant United States Attorney
Terrorism and Export Crimes
Section